**Carl Hinton, Appellee, v. Rudolph Muhlman, Appellant.**

### (Not to be reported in full.)

Appeal from the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed on remittitur; otherwise reversed. Opinion filed April 21, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action for assault and battery by Carl Hinton, plaintiff, against Rudolph Muhlman, defendant. From a judgment for plaintiff, defendant appeals.

The plaintiff, who owned half of a quantity of corn stacked on a field belonging to the defendant, which was under lease to the plaintiff, was told by the defendant not to remove it until he had husked it all. In attempting to enter the field to remove the corn, the defendant struck him on the head with a pitch fork.

Plaintiff fell to his knees, got up, ran towards and past the wagon and was followed by defendant until

the latter got to the rear end of the plaintiff's wagon, when he reached into the wagon with the pitchfork and by means thereof drew out a gun. When plaintiff saw that defendant had taken the gun out of the wagon he stopped running, held up his hands and asked not to shoot him. Defendant discharged the gun into the ground, handed it to a farm hand and walked away from the scene of the trouble. Plaintiff attempted to drive his team into the field, but fell to the ground and was taken back to his house by the farm hand. He became unconscious and delirious and was confined to his bed for several days.

HERRICK & HERRICK and GREEN & PALMER, for appellant.

DOBBINS & DOBBINS, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. ASSAULT AND BATTERY, § 13*—*when lease admissible in evidence.* In an action for assault and battery where the defendant pleaded in justification that the plaintiff was attempting a trespass upon the defendant's premises, *held* that an unexpired lease of such premises from the defendant to the plaintiff was properly admitted in evidence.

2. DAMAGES, § 175*—*when financial condition of defendant may be considered.* In cases where exemplary damages are recoverable, the pecuniary resources and financial condition of the defendant are elements for the jury to consider in estimating and assessing damages.

3. ASSAULT AND BATTERY, § 13*—*when evidence as to amount and value of real estate owned by defendant admissible.* In an action for assault and battery, evidence showing what real estate the defendant owned and the value thereof, *held* properly admitted on the question of exemplary damages though not accompanied by

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

evidence showing what mortgage indebtedness it was subject to, as that was a matter of proof for the defendant.

4. Assault and battery, § 22*—when exemplary damages authorized. When an assault and battery is made wantonly and wilfully, or maliciously, or with undue violence, exemplary damages are authorized.

5. Assault and battery, § 1*—when malice is inferred. Malice is inferred where an assault and battery is committed with a reckless disregard of the rights of the person assaulted.

6. Assault and battery, § 15*—when justification for assault question for jury. In an action for assault and battery upon one attempting to enter a field of the defendant, the question whether the defendant's being scratched by barbed wire while the plaintiff was attempting to open a gate amounted to an assault upon the defendant justifying the latter's assault, held for the jury.

7. Assault and battery, § 22*—when evidence of financial resources of defendant admissible. Where the defendant, in an action for assault and battery, struck the plaintiff on the head with a pitch fork while he was attempting to enter a field which he had leased from the defendant, evidence held to tend to show wantonness and maliciousness on the part of the defendant, so as to render the admission of evidence of the defendant's financial resources proper on the question of exemplary damages.

8. Instructions, § 159*—when instruction not erroneous. An instruction as to the measure of damages in an action for assault and battery, held not erroneous in not defining an unlawful assault where the term was adequately defined in other instructions.

9. Instructions, § 110*—when erroneous as inapplicable to pleadings. An instruction permitting a recovery for the amount of a physician's bill, which the plaintiff had not paid but which he had become liable for, is erroneous where the declaration contains no allegation that the plaintiff became liable for any such damages.

10. Damages, § 190*—when must be proved by direct and positive evidence. When damages are of such a character as to be susceptible of being proven by direct and positive evidence, such proof must be made, showing the exact amount thereof.

11. Appeal and error, § 1709*—when defects in instructions waived. Defects in instructions not complained of on appeal will be considered waived.

12. Appeal and error, § 1655*—when error in instruction on damages curable by remittitur. Error in an instruction stating that damages may be allowed for the amount of a doctor's bill incurred by the plaintiff but not paid, there being no allegation in the complaint covering such item, may be cured by ordering a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

remittitur of such amount, where it is definitely shown by the evidence.

13. ASSAULT AND BATTERY, § 17*—*when instruction as to insufficiency of evidence to support plea of justification proper.* In an action for assault and battery, an instruction that there was no evidence to support the defendant's plea of justification on the ground that the plaintiff was unlawfully attempting to enter the defendant's field, *held* proper on the evidence.

14. APPEAL AND ERROR, § 1560*—*when refusal of instructions harmless error.* Where a party litigant offers an unreasonable number of instructions, judgment will not be reversed for an error in refusing to give some of them if, upon consideration of those given, it can be seen that the jury were fully informed as to the law of the case.

15. ASSAULT AND BATTERY, § 13*—*when evidence of prior threats inadmissible.* In an action for assault and battery, evidence of prior threats of the plaintiff towards the defendant, *held* properly excluded in the absence of evidence showing that there was any attempt to carry them into execution at the time of the assault.